Ms. Mary Jo McCrorey Executive Director State Board of Barber Examiners 5555 N. Lamar, Suite H-111 Austin, Texas 78751
Re: Construction of appropriations act rider on cooperation between State Board of Barber Examiners and Texas Cosmetology Commission
Dear Ms. McCrorey:
You have requested our opinion as to the construction of the following appropriations act rider enacted by the Sixty-seventh Legislature:
 It is the intent of the [l]egislature that an interagency contract shall be executed between the State Board of Barber Examiners and the Texas Cosmetology Commission to reduce duplication of activities in inspections, enforcement and examination.
General Appropriations Act, Acts 1981, 67th Leg., ch. 875, art. I, at 3376.
You ask the following question concerning this rider:
 Is the Barber Board obligated by virtue of the above-quoted portion of the appropriations bill to enter into an interagency contract with the Cosmetology Commission providing for crossover inspections or is a good-faith effort to do so all that is mandated?
In order to answer you question, we must first determine whether or not this rider is a valid enactment.
Article III, section 35 of the Texas Constitution has long been construed to prohibit the enactment of general legislation within a general appropriations bill. Moore v. Sheppard, 192 S.W.2d 559,561-62 (Tex. 1946). A rider to a general appropriations bill is valid if its only effect is to `detail, limit, or restrict the use of the funds . . . therein appropriated.' Attorney General Opinions MW-389 (1981); MW-51 (1979); V-1253 (1951). As this office said in Attorney General Opinion V-1254 (1951):
 [i]n addition to appropriating money and stipulating the amount, manner, and purpose of the various items of expenditure, a general appropriation bill may contain any provisions or riders which detail, limit, or restrict the use of the funds or otherwise insure that the money is spent for the required activity for which it is therein appropriated, if the provisions or riders are necessarily connected with and incidental to the appropriation and use of the funds, and provided they do not conflict with general legislation.
In Attorney General Opinion MW-51 (1979), we considered the following rider:
 The State Board of Control shall establish a maximum and a minimum monthly charge for state employee parking of $16 and $6 respectively for facilities within its jurisdiction. The Board is authorized to charge varying rates within the above limitations based upon the type and location of parking space made available accepted by a state employee.
The opinion held that this rider was invalid, since it:
 neither appropriates nor details, limits or restricts the use of funds. It is instead a general directive to the State Board of Control to take certain affirmative action, and it may not validly be included in the General Appropriations Act. Accordingly, the Board of Control has the authority to set parking rates under the authority granted it by section 3(g) of article 678e, V.T.C.S., and it is not limited to the minimum and maximum rates set out in the appropriations act.
In our opinion, the rider at issue here is likewise deficient. It does not appropriate any funds nor does it detail, limit or restrict the use of funds appropriated elsewhere. Rather, it is a general directive to the State Board of Barber Examiners and the Texas Cosmetology Commission to take specific affirmative action. As such, it may not validly be included within an appropriations act. It is our opinion that, since the rider in question constitutes general legislation, it is violative of article III, section 35 of the Texas Constitution, and hence, void and of no effect. As an invalid provision, it cannot require the Barber Board to take any action at all, either to actually enter into a contract or to make a good faith effort to do so.
 SUMMARY
A rider to the general appropriations act requiring cooperation between the State Board of Barber Examiners and the Texas Cosmetology Commission constitutes an invalid attempt to enact general legislation within an appropriations bill, in contravention of article III, section 35 of the Texas Constitution. It is therefore void and of no effect.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General